**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| E.H.S., by her Next Friend, | ) | |
| ROBIN PHELAN NORTHERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-00141-JAR |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand (Doc. No. 10) and motion for expedited hearing (Doc. No. 8). Defendant BNSF Railway Company ("BNSF Railway") opposes the motions. (Doc. No. 30). For the reasons set forth below, the Court will remand the matter to the Circuit Court of Cape Girardeau County, Missouri, and deny as moot the motion for expedited hearing.

**I.     Background**

This lawsuit arises out of a motor vehicle accident on Missouri Highway AB, near a railroad grade crossing. E.H.S., the minor plaintiff, was a passenger in a vehicle driven by her father. E.H.S. was injured when her father lost control of his vehicle, struck a center median in the roadway, and crashed into a railroad crossing gate.

On August 10, 2017, Plaintiff filed her petition against Cheryl Townlian, an employee of BNSF Railway, in Missouri state court, asserting claims of negligence in design, construction, and maintenance of an allegedly dangerous railroad crossing. Townlian is the "manager of

public projects for BNSF's River Subdivision." (Doc. No. 12). On August 23, 2017, Plaintiff amended her petition to add BNSF Railway as a defendant.

On May 17, 2018, Townlian was deposed. A year later, on May 31, 2019, Townlian and BNSF filed a joint motion for summary judgment, which was denied by the trial court. Thereafter, the parties engaged in settlement negotiations.

On August 15, 2019, Plaintiff dismissed her claims against Townlian without a formal settlement. Trial in the state court was set to begin on August 20, 2019.

On August 17, 2019, BNSF Railway filed its notice of removal. In support, BNSF Railway claims that Plaintiff engaged in bad faith by treating Townlian, a diversity-destroying defendant, as a superfluous party, never serving any written discovery on her, and dismissing Townlian on the eve of trial without a formal settlement. BNSF Railway contends that this conduct provides it with a basis for asserting the exception to the one-year limitations period for removal. BNSF Railway also contends that counsel for Plaintiff has exhibited a pattern and practice of joining nondiverse defendants to defeat diversity jurisdiction, but then dismissing them shortly before trial.

On August 19, 2019, Plaintiff filed a motion to remand, arguing that the one-year limitation barred removal and mandated remand. Plaintiff maintains that she spent time, money, and effort to pursue her claims against Townlian, including taking her deposition and defeating her motion for summary judgment, which defeats the bad faith exception of the removal statute.

On August 20, 2019, the Court held a telephone conference with counsel to discuss the positions of the parties and the status of the underlying state court case. Counsel for BNSF Railway requested additional time to file a formal opposition to Plaintiff's motion to remand. Counsel indicated his intent to supplement his notice of removal to include additional case law

and evidence of Plaintiff's counsel's pattern and practice of dismissing diversity-destroying defendants shortly before trial. Counsel for Plaintiff asked for an expedited ruling on the motion to remand because jurors were scheduled to be called into state court the following day. The Court permitted BNSF Railway a brief opportunity to file its opposition, and BNSF Railway timely complied.

## II.    Discussion

Under the circumstances of this case, an expedited ruling on the motion to remand is necessary. A jury trial was set to begin in state court today, and the state court has indicated to the parties that potential jurors would be called to serve tomorrow. The Court notes BNSF Railway's request to formally file its opposition to remand. However, it is the Court's belief that BNSF Railway has had the opportunity to adequately present its arguments and authority in its notice of removal, and BNSF Railway has also provided supplemental authority following the telephone conference. The Court has reviewed the briefing and the record from the state court in rendering this decision.

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

When removal is predicated on diversity of citizenship, the case cannot be removed "more than 1 year after commencement of the action, unless the district court finds that the

plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "The statute is a product of Congress' different treatment for diversity cases (as opposed to federal question cases): it is a legislative judgment that a suit governed by state law that is filed in state court should remain in state court if it has been pending and consuming state judicial resources for more than one year." *Trokey v. Great Plains Roofing & Sheet Metal, Inc.*, No. 4:16-CV-01193-ODS, 2017 WL 722607, at \*1 (W.D. Mo. Feb. 23, 2017) (citation omitted). "This legislative judgment dictates that diversity cases remain in state court unless bad faith is evidenced; the one year limit is not obviated by considerations of fairness, equity, or some other basis for ascertaining what seems 'right,' but only by bad faith." *Id.* (citation omitted). Notably, the Eighth Circuit has not yet furnished a standard for the "bad faith" exception under section 1446. *Jackson v. C.R. Bard, Inc.*, No. 4:17-CV-974 (CEJ), 2017 WL 2021087, at \*2 (E.D. Mo. May 12, 2017).

This Court has previously held that the framework set forth in *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1274-75 (D.N.M. 2014) is persuasive. *Bristol v. Ford Motor Co.*, No. 4:16-CV-01649-JAR, 2016 WL 6277198, at \*3–4 (E.D. Mo. Oct. 27, 2016). In *Aguayo*, the district court developed the following two-step framework for analyzing the bad-faith exception:

> [T]he Court construes the bad-faith exception as a two-step standard. First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at this stage—e.g., electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal—but will

4

not receive discovery or an evidentiary hearing in federal court to obtain such evidence.

*Id.* at 1274–77.

Under the *Aguayo* framework, BNSF Railway has failed to establish that Plaintiff acted in bad faith to prevent BNSF Railway from removing the action to federal court. First, it appears from the record that Plaintiff actively litigated her claim against Townlian. Although no discovery was specifically directed to Townlian, the record demonstrates that Plaintiff took Townlian's deposition and was successful in briefing and defeating a motion for summary judgment on Plaintiff's claims against her. Further, it appears that Plaintiff's counsel was engaged in settlement discussions with Townlian following the denial of her motion for summary judgment. These actions demonstrate Plaintiff's intent to actively litigate her claims against Townlian over two years in state court. *See Bristol*, 2016 WL 6277198, at 4 (finding that the plaintiff actively litigated her claims despite the plaintiff failing to seek discovery from or take the deposition of the diversity-destroying defendant; the plaintiff had engaged in settlement negotiations and provided plausible explanations for the absence of documented discovery); *Williams v. 3M Co.*, No. 7:18-CV-63-KKC, 2018 WL 3084710, at *5 (E.D. Ky. June 22, 2018) (holding that "[w]hile Williams has done only the bare minimum to actively litigate this case, it is enough to avoid removal[,]" including "at least some fact-finding"); *cf. Keller Logistics Group, Inc. v. Navistar, Inc.*, No. 3:19-cv-735, 2019 WL 357436, at *3 (N.D. Ohio Aug. 6, 2019) (finding bad faith where the plaintiff failed to depose the employee or engage in any settlement discussions over a two-year period in state court).

Additionally, BNSF Railway has not adduced any direct evidence that Plaintiff acted solely for the purpose of preventing it from removing this case to federal court and concedes that Plaintiff had a viable claim against Townlian such that removal based upon fraudulent joinder

5

would be futile. Instead, BNSF Railway contends that counsel for Plaintiff has exhibited a "pattern and practice" of manipulating jurisdiction by naming diversity-destroying employees and then dismissing them on the eve of trial. Counsel for Plaintiff represents that Townlian was dismissed for the purpose of streamlining the trial and simplifying the issues presented to the jury.

Here, even if the Court assumes that BNSF Railway's claim regarding a pattern and practice is true, this—without something more—is insufficient to overcome the burden of establishing federal jurisdiction by a preponderance of the evidence. Although the record demonstrates some level of gamesmanship by both sides, the evidence required for a finding of bad faith is simply not present here. While pattern and practice is a consideration for the Court, Plaintiff has given a plausible reason for her legal strategy. Thus, under these circumstances, where the case was vigorously litigated, the Court cannot conclude that BNSF Railway has met its burden of demonstrating bad faith. Lastly, the cases relied upon by BNSF Railway are distinguishable from the facts here. *See, e.g., Housley, by and through Hubbard v. Dial Corp.*, NO. 4:17-cv-00577-DGK, 2017 WL 3269386, at *3 (W.D. Mo. Aug. 1, 2017) (a fraudulent joinder case articulating the differences between bad faith and fraudulent joinder).

As a final matter, the Court will deny Plaintiff's request for costs, actual expenses, and attorney's fees. When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under § 1447(c) is appropriate where the removing party lacked an "objectively reasonable basis for seeking removal." *Bristol*, 2016 WL 6277198, at *5 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Here, the Court concludes that BNSF Railway's attempt to remove this action pursuant to § 1446(c)'s bad-

faith exception was not objectively unreasonable, particularly in light of Plaintiff's voluntary dismissal of Townlian on the eve of trial and other cases in which Plaintiff's counsel has exhibited similar conduct. This Memorandum and Order shall not disturb the authority of the Circuit Court of Cape Girardeau County, Missouri, to require BNSF Railway to pay costs, fees, or expenses arising out of BNSF Railway's conduct in attempting to remove this action to federal court. *Id.*

### III.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED IN PART and DENIED IN PART**. The motion is granted to the extent it seeks remand of this action to the Circuit Court of Cape Girardeau County, Missouri. The motion is denied to the extent it seeks an award of costs, fees, and expenses.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of Cape Girardeau County, Missouri.

**IT IS FURTHER ORDERED** that in light of the Court's ruling, all other pending motions in this case, including Plaintiff's motion for expedited hearing (Doc. No. 8), are **DENIED as moot**.


Dated this 20th day of August, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**